UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT GAMBLE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CV1890 JCH |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Robert Gamble's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On June 24, 2009, a jury in the Circuit Court of the City of St. Louis, Missouri, found Petitioner guilty of one count of second-degree murder and one count of armed criminal action. On August 28, 2009, Petitioner was sentenced as a persistent offender to concurrent terms of thirty and ten years imprisonment. The Missouri Court of Appeals affirmed the convictions and sentence. *State v. Gamble*, 313 S.W.3d 709 (Mo. App. 2010). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after a partial evidentiary hearing. The Missouri Court of Appeals affirmed the denial of post-conviction relief. *Gamble v. State*, 393 S.W.3d 619 (Mo. App. 2013).

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following two

claims for relief[1]:

    (1)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object and request a mistrial based on prosecutorial misconduct; and

    (2)    That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate and subpoena Detective Jackson.

The Court will address the claims in turn.

## **DISCUSSION**

### I.    Ground 1

As stated above, in Ground 1 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to object and request a mistrial based on prosecutorial misconduct. (§ 2254 Petition, PP. 10-12). Specifically, Petitioner asserts the prosecutor, "MISTATED & ARGUED THAT APPELLANT 'APPROACHED A WHITE FEMALE IN A THREATING MANNER & INAPPROPRIATELY TOUCHED & PLACED HIS HANDS ON HER OUTSIDE OF THE CENTER' WHEN THIS QUESTIONING INFERRED UNCHARGED PRIOR BAD ACTS EVIDENCE & WHERE THERE WAS NO SUPPORT FOR THE ALLEGATIONS."[2] (Id., P. 10). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> The first allegation in Movant's[3] amended motion is that his trial counsel failed to object and request a mistrial based on prosecutorial misconduct when the prosecutor misstated and argued that Movant approached a white female in a threatening manner and inappropriately touched and placed his hands on her outside of the New Life Center, when this questioning inferred uncharged prior bad acts evidence and where

---

[1] Petitioner ostensibly raises four grounds for relief in his § 2254 petition. (§ 2254 Petition, PP. 10-18). Grounds 3 and 4 present variations of the claim raised in Ground 1, however, and so the Court addresses the claims together in this Order.
[2] The Court has reproduced this portion of Petitioner's brief without alteration.
[3] Petitioner is referred to as "movant" by the Missouri state courts.

> there was no evidentiary support for the allegations. Movant contends the objection would have been meritorious because the statements were not supported by the evidence and he denied he inappropriately touched or threatened the white female. Movant states that the misstatement allowed the State to argue that the white female yelled for help inferring that Movant hit her or inappropriately touched her. (Tr. 366) Movant further argues that absent the admission of these misstatements, the jury would have found that he acted in self-defense and acquitted him.
>
> When asked if there was a good faith basis for the Assistant Circuit Attorney's statement that the female outside the New Life Center was inappropriately touched by Movant, trial counsel responded "sort of" based on the facts, that perhaps he should have objected to the phrasing of "inappropriate touching" because it suggested something sexual but that at the time of trial he believed it was part of the res gestae of the case. On cross-examination counsel testified he understood Movant approached her, asked if she was okay, she shoved him and shouted for others to help her.
>
> There was significant evidence of Movant's guilt at trial as well as evidence negating that he acted in self-defense. Movant based his self-defense theory on his fear from being jumped by the young men at the New Life Center after the female yelled for help after Movant approached her, which was several hours prior to the stabbing of Jeremy Dunlap. Two eyewitnesses, Percy Brown and Jimmy Parker, testified as to the events at the time of the stabbing and nothing in their testimony supported self-defense. Their testimony also differed significantly from that of Movant's at trial. There was also evidence that the victim was not one of the young men who earlier attacked Movant. The Court finds that there is no reasonable probability that the result of the trial would have been different or that Movant would have been found to have acted in self defense had this evidence not been allowed. It is not sufficient that the action had some conceivable effect on the outcome of the proceeding, rather movant must show that there is a reasonable probability that but for the errors of counsel, the jury would have had a reasonable doubt. <u>Sidebottom</u>, supra at 796.

(Respondent's Exh. F, PP. 65-67). Petitioner advanced the claim on appeal of the denial of his

Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> For his first point, movant asserts that the motion court clearly erred in denying, after an evidentiary hearing, relief on his claim that trial counsel was ineffective because he failed to object and request a mistrial based on prosecutorial misconduct when the prosecutor misstated and argued that movant approached a woman, who was outside of the homeless shelter, in a threatening manner and inappropriately touched her, because this implied uncharged prior bad

acts of which there was no evidence in the police reports. Movant is referring to two questions the prosecutor asked him on cross-examination and a statement in closing argument.

Before discussing this issue, it is necessary to set out the context in which the questions on cross-examination and the statement in closing argument arose. During the investigation of the stabbing, movant told a police officer that the sequence of events leading to the stabbing started with his encounter with the woman. In opening statements, the prosecutor did not discuss the incident involving the woman. However, defense counsel outlined the evidence he planned to present about movant's encounter with the woman and the subsequent beating to support the defense theory that it was the stabbing victim who initiated the attack on movant later that night along with at least two others who had beat movant earlier.

On direct examination, movant testified to his arrival at the Center at 7:30 p.m. on the day of the stabbing, his encounter with the woman in which she pushed him down the steps and reported he had hit her, and his beating by a group of men. On cross examination, the prosecutor questioned movant about this encounter, beginning with his arrival at the Center and when he first saw the woman.

Q [The Prosecutor]: And Mr. Gamble, at some point, she started yelling and screaming for help; isn't that true?

A [Movant]: Yes, she did.

Q: *And that's because you approached her and touched her inappropriately; isn't that true*?

A: No, sir.

Q: *You placed your hands on her and approached her in a threatening manner; isn't that true?*

A: No, sir.

(emphasis added). The italicized questions in the above passage constitute one of the bases for movant's claim of prosecutorial misconduct. Cross-examination continued:

Q: Okay. Well, fine. At some point, a group of guys came outside and came after you, right?

A: Yes, sir.

> Q: And they had assaulted or attacked you, correct?
>
> A: She told them that I had hit her.
>
> Q: So she tells these guys that you hit her?
>
> A: Yes….
>
> Q: And it's your testimony that this all started over some--
>
> A: Being falsely accused of hitting a lady that I was trying to help.

Movant then testified that the events leading up to the stabbing started with this woman and that is what he told the police.

On rebuttal, the state called a security guard who was working at the Center the night the victim was stabbed. He testified that a young lady was waiting in front of the Center while her boyfriend went inside, and after some time, she knocked on the door and said that some old guy hit her.

During closing argument, the prosecutor referenced movant's interaction with the woman in the following passage:

> Thank you, ladies and gentlemen. Robert Gamble, on February 12th of 2008, after supposedly getting off work sometime that evening, he goes to the New Life Evangelistic Center, and for some reason or another, there is a confrontation or incident with a female. *The female, for some reason, yells for help.* Some guys come out and fight or attack and assault Mr. Gamble…That incident was some three hours prior, approximately three hours or more prior to the stabbing or the murder.

(emphasis added). The italicized portion of this argument is the other basis of movant's prosecutorial misconduct claim.

In his amended motion, movant alleged that trial counsel was ineffective because he failed to object and request a mistrial based on prosecutorial misconduct when the prosecutor asked whether movant approached the woman in a threatening manner and inappropriately touched her. He alleged that the questions implied movant had engaged in uncharged prior bad acts when there was no evidentiary support for these allegations, and movant had denied threatening or inappropriately touching the woman. Movant also alleged that the prosecutor's statement in closing argument that the woman yelled for help also implied that movant had hit her or inappropriately touched her.

At the evidentiary hearing, trial counsel testified that he believed the prosecutor had a good faith basis to ask movant if he had approached and

inappropriately touched the woman because there was evidence that movant had slapped the woman. Counsel testified that he could have objected to the prosecutor's questions because the reference to inappropriate touching could have had a sexual connotation, but he did not think about this when he was deciding whether to object. Rather, he did not object because it was "part and parcel" of the situation in which movant was jumped. Counsel explained that movant's testimony about the encounter with the woman, her pushing him down the steps, him slapping her, her getting people to help her, and those people who jumped him revealed how the situation started. He further explained that this testimony was relevant to the question of who was the initial aggressor when movant saw the man who jumped him again, and "it would have been relevant to how much was reasonable amount of force" because movant's defense was that one of the men who had jumped him earlier was the man he stabbed.

The motion court rejected this claim for lack of prejudice. It concluded that there was "significant evidence of Movant's guilt at trial as well as evidence negating that he acted in self-defense," specifically the evidence of two eyewitnesses that did not support movant's account of self-defense and the evidence that the victim was not one of the men involved in the earlier incident. It further concluded there was no probability that the result of the trial would have been different or that the jury would have found movant to have acted in self defense if this evidence had not been allowed.

In his argument under this point, movant argues that claims of prosecutorial misconduct are cognizable in post-conviction proceedings "if fundamental fairness requires," quoting Tisius v. State, 183 S.W.3d 207, 212 (Mo. banc 2006). He then argues that fundamental fairness requires review of his claim because the questions and argument constituted prejudicial evidence of other crimes and there was no evidence that movant approached the woman in a threatening manner or placed his hands on her. We disagree.

The applicable law is well-stated in Tisius:

> A freestanding claim of prosecutorial misconduct is generally not cognizable in a Rule 29.15 proceeding. Rule 29.15 is not a substitute for direct appeal. *State v. Carter*, 955 S.W.2d 548, 555 (Mo. banc 1997). Claims of trial error will only be considered in a Rule 29.15 motion where fundamental fairness requires, and then, only in rare and exceptional circumstances. *Schneider v. State*, 787 S.W.2d 718, 721 (Mo. banc 1990). If the alleged misconduct was apparent at trial, then it is an issue for direct appeal, not a Rule 29.15 proceeding. Accordingly, this Court has reviewed claims of prosecutorial misconduct in a Rule 29.15 proceeding when the alleged misconduct was serious and would not be apparent during the trial. For instance, in *Middleton v. State*, the Court reviewed a Rule 29.15 claim alleging the state's failure to disclose a "deal" with a prosecution witness. 103 S.W.3d 726, 733 (Mo. banc 2003).

> Unlike a claim of withheld evidence, which would not be known to a movant during trial or direct appeal, a claim involving allegedly improper argument was apparent at trial and could have been raised on direct appeal. The motion court did not clearly err in concluding that Tisius' freestanding claims of prosecutorial misconduct are not cognizable, as such claims involve allegedly improper argument that would have been apparent at trial.

Tisius, 183 S.W.3d at 212-13. See also Wilson v. State, 383 S.W.3d 51, 57-58 (Mo.App. 2012).

> Here, the complained-of questions and the statement in closing argument were made in open court and the import of those questions and that statement could be evaluated at that time. Thus, if movant's counsel believed that this was prosecutorial misconduct, this claim could have been raised on direct appeal. Since movant failed to raise this claim on direct appeal, he cannot assert these claims in his 29.15 motion. Tisius, 183 S.W.3d at 213; Wilson, 383 S.W.3d at 57-58.
>
> Moreover, movant has not established that the questions or the argument constituted prosecutorial misconduct. First, defendant deliberately put the encounter with the woman and the unprovoked beating by the group of men into evidence to make his self-defense claim more plausible. Since movant introduced this evidence, the state could cross-examine him about the cause of that attack, including whether movant had provoked it. See State v. Thomas, 820 S.W.2d 538, 545 (Mo.App. 1991); see also State v. Fassero, 256 S.W.3d 109, 118 (Mo. banc 2008). Moreover, there was evidence that the woman had reported that movant had slapped her, thus furnishing an evidentiary basis for the prosecutor's questions. Next, although movant now interprets the language of the prosecutor's questions to refer to inappropriate sexual acts, the language on its face does not do so, and movant's counsel did not so interpret the questions when he heard them at trial. Finally, the statement in the argument that the woman "for some reason, yells for help" simply does not refer to a prior uncharged bad act and was fully consistent with movant's own testimony.
>
> Movant's claim of prosecutorial conduct is not cognizable in this proceeding. The motion court did not clearly err in denying relief on this claim. Point one is denied.

(Respondent's Exh. I, PP. 5-10).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Upon consideration the Court finds that with this claim, Petitioner fails to establish either prong of the *Strickland* test. With respect to deficient performance, the Court notes that had counsel lodged an objection to the questions and statements regarding Petitioner allegedly approaching and inappropriately touching a white woman several hours prior to the incident, it

likely would have been overruled, as Petitioner has not established that the questions or argument constituted prosecutorial misconduct. Instead, the Court's review of the record reveals that it was Petitioner who initially placed the alleged encounter with the woman and unprovoked beating by the group of men into evidence. (*See, e.g.*, Resp. Exh. A, PP. 172-174, 352-354). As such, the State had the right to cross-examine Petitioner regarding the cause of that attack, including whether Petitioner himself had provoked it.[4] Furthermore, with respect to prejudice, the Court finds Petitioner fails to establish that the outcome of his trial would have been different absent his counsel's alleged error. Instead, the Court's review of the record reveals there was significant evidence of Movant's guilt presented at trial, as well as evidence negating the notion that he acted in self-defense. (*See, e.g.*, Resp. Exh. A, PP. 183-189, 309-313). Under these circumstances, Petitioner's claim of ineffective assistance of counsel fails, and Grounds 1, 3 and 4 must be denied.

## II.   Ground 2

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to investigate and subpoena Detective Jackson. (§ 2254 Petition, PP. 13-14). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> The second allegation in Movant's amended motion is that he was denied effective assistance of counsel in that his trial counsel failed to investigate, subpoena and call Detective Jerome Jackson as a defense witness. Movant alleges he was prejudiced because Detective Jackson interviewed witness James Black, who was at the scene, and the testimony would have corroborated that Movant was laying in a bed next to Mr. Black before the stabbing and that Mr. Black recognized Movant as the person who was attacked by some young men earlier that day. He claims reasonably competent counsel would have realized Detective Jackson's

---

4 The Court notes there was testimony that the woman described Petitioner as the aggressor, thus furnishing an evidentiary basis for the prosecutor's questions. (*See* Resp. Exh. A, P. 380).

> testimony would have corroborated Movant's testimony that he was jumped by some young men outside the New Life Center and later stabbed Mr. Dunlap to protect himself.
>
> This allegation is without merit and denied. Such testimony would have been inadmissible hearsay.

(Resp. Exh. F, P. 67). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> For his second point, movant contends that the motion court clearly erred in denying a hearing on his allegation that trial counsel was ineffective because counsel failed to investigate, subpoena, and call Detective Jerone Jackson as a defense witness at trial to testify to his interview of witness James Black, who was at the scene of the stabbing and who would have supported movant's self-defense theory.
>
> To be entitled to an evidentiary hearing, a movant must allege facts, not conclusions, that warrant relief; the facts alleged must raise matters not refuted by the case files and records; and the matters raised must have prejudiced the movant. Ringo v. State, 120 S.W.3d 743, 745 (Mo. banc 2003). No hearing is required if the motion, files, and records conclusively show that the movant is not entitled to relief. Rule 29.15(h).
>
> In his amended motion, movant alleged that he was denied ineffective [sic] assistance of counsel because trial counsel failed to investigate, subpoena, and call Det. Jackson as a defense witness at trial, because Det. Jackson could testify to his interview of Mr. Black, who was present at the stabbing, and whose testimony would have corroborated movant's testimony that movant had been attacked earlier in the day and had stabbed the victim to protect himself. The motion court concluded that this claim had no merit because Det. Jackson's testimony about Mr. Black's statement would have been inadmissible hearsay.
>
> The allegations on their face demonstrate that Det. Jackson's testimony about Mr. Black's statements would have been hearsay and inadmissible unless it fell within a hearsay exception. See State v. Kirkland, 471 S.W.2d 191, 194 (Mo. 1971); State v. Robinson, 196 S.W.3d 567, 572-73 (Mo.App. 2006). Movant does not dispute that the proposed testimony would be hearsay, but argues that Det. Jackson's testimony would have been admissible under the federal residual hearsay exception. However, the residual hearsay exception has never been adopted in Missouri. State v. Freeman, 269 S.W.3d 422, 428 (Mo. banc 2008). Counsel cannot be found ineffective for failing to call a witness whose testimony would have been hearsay that is not admissible under a recognized exception. McLaughlin v. State, 378 S.W.3d 328, 346 (Mo. banc 2012).

> The motion, files, and records conclusively show that movant was not entitled to relief. The motion court did not err in denying a hearing on this claim. Point two is denied.

(Resp. Exh. I, PP. 10-11).

Upon consideration the Court finds that with this claim, Petitioner fails to demonstrate deficient performance. As noted by the Missouri courts, any testimony offered by Detective Jackson regarding alleged statements by James Black would have been rejected as hearsay under Missouri law. Counsel cannot be faulted for failing to offer inadmissible testimony. Under these circumstances, counsel's performance fell within the wide range of professionally competent assistance sanctioned by *Strickland*, and so Ground 2 of Petitioner's petition must be denied.[5]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

---

[5] In light of the Court's finding regarding deficient performance, it need not consider whether Petitioner established prejudice.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 31st Day of July, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE